# Brady McCullough, Appellant, *v.* The Cumberland Valley Railroad Company.

*Ejectment—Evidence of title—Releases—Recitals—Deed—Railroad.*

In an action of ejectment against a railroad company to recover land occupied as a right of way, the defendant company claimed title under a release executed by J. more than sixty years prior to the bringing of the suit. In the release J. recited that he was the owner of the land. S., who was J.'s brother, recited in a similar release that his own land adjoined that of J. The land in controversy had belonged to the father of J. and S., who by his will apparently gave to J. an estate tail in it, with limita-

tion over to S.   After the father's death the sheriff conveyed S.'s interest in the land to M.   In the following year J. conveyed the land to M.   In the latter deed J. recited that his father had in his lifetime "advanced and transferred" the said land to J.   Subsequently in the same year J. executed to M. a deed to bar any estate tail in the land.   In this deed he recited and declared that he was seized in fee of the land by a title paramount to the will of his father.   In subsequent deeds from M. to the plaintiff in the ejectment there were recitals that the land had been advanced and transferred to J. by his father in the father's lifetime.   The evidence showed open, adverse and continued occupation of the land for over sixty years.   *Held*, that it was proper to give binding instructions for the defendant.

Argued April 25, 1898.   Appeal, No. 39, Jan. T., 1897, by plaintiff, from judgment of C. P. Cumberland County, Sept. T., 1896, No. 13, on verdict for defendant.   Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Ejectment for a strip of land thirty-six feet wide in West Pennsboro township.   Before BIDDLE, P. J.

At the trial of this case it appeared that James McKeehan by his last will and testament dated November 16, 1829, proved March 29, 1831, devised a tract of land situated in Cumberland county, containing $176\frac{1}{4}$ acres, to his son Samuel "in trust for his son James for life," upon the following trust: "Provided always and these premises are upon this further trust and confidence and to the intent and purpose that my son James shall hold, possess and receive all the rents and profits of said tract or plantation absolutely.   And if my son James marry, and have issue, it is my will and I give and bequeath the before mentioned tract of land unto such child or children in fee simple, and if more than one, as tenants in common after the death of their father.   And if my son James be incompetent or unfit to have the management of said plantation, and his other concerns, my son Samuel is to have the management of the before mentioned premises, and to settle his accounts at the court, in the same manner and subject to the same rules and regulations as guardians of minor children are, until the disability of my son James is removed or ceases as to the management of his business, or if he has child or children, until they are fit to attend to their estate.   And if my son James should be married and have no children and die before his wife, it is my will that

she shall have three hundred dollars to be paid to her in three equal annual payments of one hundred dollars cash, to commence immediately after the death of my son James. And if my son James die leaving neither widow nor legitimate issue, it is my will and I do give and bequeath the before mentioned tract or parcel of land unto my son Samuel in fee simple subject to the payment of $1,200 to my four daughters . . . . and if my son James die and leave a widow and no child or children, the legacies left my four daughters to be paid by my son Samuel, are not payable until three years after the death of my son James."

The said James McKeehan never was married and died about the year 1848, without ever having had children.

Plaintiff offered to prove by James Bishop that James McKeehan said he was in possession of the tract of land in controversy by virtue of a life estate.

This was objected to because it was in contradiction of James McKeehan's title already in evidence. ,

By the Court: Objection sustained; bill sealed for plaintiff. [1]

On January 21, 1836, James McKeehan executed a release to the Cumberland Valley Railroad Co., for a right of way through a farm of about 176 acres in West Pennsboro township, Cumberland county, Penn. for $505, to be paid on September 15, 1836, which was paid. The recital in the release was: "Whereas I am the owner of a certain tract or parcel of land . . . . bounded by lands of Jacob Myers on the west, by Samuel M'Keehan on the east," etc.

When this release was offered in evidence by defendant, plaintiff objected, (1) that the execution and delivery of the release had not been proved; (2) that it does not appear that it is for the land occupied by defendant; (3) that it does not appear that it is a release for the damages for the railroad construction; (4) that even if it had been executed and delivered, inasmuch as Col. James McKeehan had only a life estate, and had died long before the bringing of this action, this release could not defeat plaintiff's right to recover.

The court admitted the evidence and an exception was noted for the plaintiff. [2] The effect of this release is the chief question in the case.

On January 11, 1836, Samuel McKeehan executed a release to said railroad company for a right of way through his farm of about 200 acres for $700, which was paid. That release recites : "Whereas I am the owner of a certain tract of land . . . . adjoining lands of Col. James M'Keehan, Jacob Myers and others." James M'Keehan and Samuel M'Keehan were brothers—sons of James M'Keehan. At the time these releases were given and the railroad constructed, and for a number of years thereafter, they resided upon the farms.

On November 17, 1845, the sheriff of Cumberland county conveyed the interest of Samuel McKeehan in the farm of James McKeehan of about 176 acres to Samuel McCullough.

On February 4, 1846, James M'Keehan conveyed to Samuel McCullough the said farm of 176 acres for $4,500. The recital in this deed is : "Being the same plantation or tract of land which Hugh Patten and Mary his wife, by deed dated April 5, 1791, sold and conveyed to James M'Keehan, who in his lifetime advanced and transferred the said tract of land to his son Col. James M'Keehan, 'the party hereto, in consideration of the natural love and affection which he bore to his said son, who, in pursuance thereof, has possessed and occupied the same for the last twenty-five years.' "

On October 21, 1846, James McKeehan executed a deed to Samuel McCullough, duly recorded in the prothonotary's office, with the order of court thereon, and also in the recorder's office, to bar any estate tail in the said farm. That deed contains this recital: "Whereas the said party of the first part by his deed dated February 4, 1846, for the consideration of $4,500, sold and conveyed to the party of the second part a tract of land . . . . and which tract thus sold and conveyed, the said Col. James M'Keehan derived from his father, James M'Keehan, in his lifetime, as recited in said deed; but whereas the said James M'Keehan, dec'd, by his last will and testament dated November 16, 1829, did devise the said tract of land to his son Col. James M'Keehan, the party hereto, for a less estate than in fee simple, and as the said devise may be construed to create an estate in fee tail in the said devisee, yet while the said Col. James M'Keehan declares that he was seized in fee of, in, and to the said tract of land by a title paramount to the said will both before and since the death of his said father, and under which

he always held and claimed the said tract of land, yet at the instance and request of the said Samuel McCullough and for the purpose of removing any doubt respecting the title to said tract of land, and for the purpose of debarring any estate tail which by any construction of said will of James M'Keehan, dec'd, may be supposed to be vested in the said Col. James M'Keehan of, in, and to said tract of land," etc.

Then follows the deed given in evidence by the plaintiff from Samuel McCullough to Hugh Y. Brady, dated May 8, 1847, containing this recital: " Being the same tract of land which was patented to James M'Keehan by patent dated November 28, 1791, and enrolled in patent book No. 18, page 291, and which the said James M'Keehan in his lifetime advanced and transferred to his said son, Col. James M'Keehan in consideration of the natural love and affection which he bore to his said son, who having occupied and possessed the same for twenty-five years conveyed it to Samuel McCullough (party hereto) by deed dated February 4, 1846, and recorded in said county in book W. W., Vol. 1, page 370, and also by deed debarring estate tail, dated October 21, A. D. 1846, and entered of record in the court of common pleas of said county, in deed docket, page 15, No. 26," etc.

The deed from Welty McCullough and others to Brady McCullough of April 23, 1885, also offered by the plaintiff, contains precisely the same recital.

From 1836 or 1837 down to the present time, a period of more than sixty years, the Cumberland Valley Railroad ran through this farm. James McKeehan lived upon it until 1846. His brother Samuel lived upon the adjoining farm during the same time. He was present and saw the railroad constructed through the land.

Defendant was permitted to prove the foregoing facts under objection and exception. [3–10]

Plaintiff's points and the answers thereto were as follows:

1. The court is respectfully requested to instruct the jury that on January 15, 1836, when James McKeehan executed his release to the Cumberland Valley Railroad, he had, so far as appears, no more than a life estate in the land occupied by him; and that the release cannot affect Samuel McKeehan, the remainderman, or the plaintiff, Brady McCullough, who derives his title from him.  *Answer:*  This point is refused. [11]

2. That under the evidence in this case, the plaintiff is entitled to recover. *Answer:* This point is refused. [12]

The court charged as follows:

The plaintiff in this case has presented two prayers for instruction, both of which are refused, and it is therefore not necessary to read them. The defendant has presented one prayer which we affirm, and our affirmation of it practically disposes of the case. It is as follows: Under the law and the evidence in this case, the verdict of the jury must be for the defendant. This is affirmed, and the prothonotary will therefore take your verdict in favor of the defendant. [13, 14]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (2–10) rulings on evidence, quoting the bill of exceptions; (11–14) above instructions, quoting them.

*S. M. Leidich,* with him *J. E. Barnitz* and *William Tricket,* for appellant. — The only title which defendant shows in Col. James McKeehan, was that which passed to him by the will of his father, James McKeehan. It is clear that this will only gave him a life estate: Powell v. Board of Domestic Missions, 49 Pa. 54; Guthrie's App., 37 Pa. 9; Fowler's App., 23 W. N. C. 500; Urich's App., 86 Pa. 386; Findlay v. Riddle, 3 Binn. 160; Robins v. Quinliven, 79 Pa. 336; Taylor v. Taylor, 63 Pa. 481; Walker v. Milligan, 45 Pa. 180.

The declarations of a person when in possession of the premises, against his title, are always admissible, not only against him, but against those who claim under him. We can safely trust a man when he speaks against his own interest: Gibblehouse v. Stong, 3 Rawle, 438; Pierce v. McKeehan, 3 Pa. 136; Hiester v. Laird, 1 W. & S. 249; Andrew v. Fleming, 2 Dall. 93; Weidman v. Kohr, 4 S. & R. 174; Brown v. Bank of Chambersburg, 3 Pa. 187; Reed v. Dickey, 1 Watts, 152; Alden v. Grove, 18 Pa. 377.

As to the question of estoppel by reason of knowledge on the part of Samuel McKeehan that the railroad company had entered and constructed its road, there can be no estoppel upon that contention as it arises in this case: Richards v. R. R., 137 Pa. 524.

*John Hays, W. F. Sadler* and *E. B. Watts*, for appellee, were not heard but argued in their printed brief.—Releases of January 11, and January 21, 1836, proved themselves : McReynolds v. Longenberger, 57 Pa. 13.

The recitals in the releases and conveyances are evidence of the facts, and conclusive : McGrew v. Harmon, 164 Pa. 115 ; James v. Letzler, 8 W. & S. 192.

Admissions of a grantor, prejudicial to himself while in possession, are competent evidence against those who claim under him : Alden v. Grove, 18 Pa. 377 ; Kunkle v. Wolfersberger, 6 Watts, 126 ; Reed v. Dickey, 1 Watts, 152 ; Riddle v. Dixon, 2 Pa. 372 ; Wall v. Staley, 91 Pa. 27 ; Penrose v. Griffith, 4 Binn. 231 ; Garwood v. Dennis, 4 Binn. 314 ; Morris v. Vanderen, 1 Dallas, 64 ; James v. Letzler, 8 W. & S. 192.

That those recitals are not only evidence but conclusive of title in the railroad company against the plaintiff is shown by a long line of authorities as follows : 1 Greenleaf on Evidence, secs. 23, 24, 25, 204 ; 2 Rice on Evidence, pp. 709, 710 ; 1 Taylor on Evidence, pp. 119-121 ; 2 Wharton on Evidence, sec. 1039 ; Bigelow on Estoppel, p. 266 ; Penrose v. Griffith, 4 Binn. 231 ; Garwood v. Dennis, 4 Binn. 314 ; Smith v. Webster, 2 Watts, 482 ; Downing v. Gallagher, 2 S. & R. 456 ; James v. Letzler, 8 W. & S. 192 ; Read v. Thompson, 5 Pa. 329 ; 2 Smith's Leading Cases, part 2, p. 825 ; McGrew v. Harmon, 164 Pa. 115 ; McLaughlin v. McLaughlin, 91 Pa. 462.

The title of the railroad company came by its original entry and appropriation without objection, which was not a trespass : Lawrence's App., 78 Pa. 365 ; Davis v. Ry. Co., 114 Pa. 308 ; Warrell v. R. R., 130 Pa. 600 ; Oliver v. Ry., 131 Pa. 408 ; Graham v. R. R., 145 Pa. 504.

The sheriff's deed of his interest in the farm did not carry the right of compensation to the purchaser and through him to the plaintiff : McFadden v. Johnson, 72 Pa. 335 ; Tenbrooke v. Jahke, 77 Pa. 392 ; Lawrence's App., 78 Pa. 365 ; Davis v. Ry. Co., 114 Pa. 308 ; Losch's App., 109 Pa. 72 ; Wheeling, P. & B. R. R. v. Warrell, 122 Pa. 613 ; Warrell v. R. R., 130 Pa. 600.

The purchaser took subject to the easement, and the plaintiff so holds the farm : Wheeling, P. & B. R. R. v. Warrell, 122 Pa. 613.

The grantor under whom the plaintiff claims bought the land subject to the easement of the railroad, because it was apparent. The plaintiff so holds it: Lawrence's App., 78 Pa. 365; Davis v. Ry., 114 Pa. 308; Wheeling, P. & B. R. R. v. Warrell, 122 Pa. 613; Patterson v. Arthurs, 9 Watts, 152; Memmert v. McKeen, 112 Pa. 315; Barns v. Wilson, 116 Pa. 303; Zell v. Universalist Soc., 119 Pa. 390; Geible v. Smith, 146 Pa. 276; Kemp v. Penna. R. Co., 156 Pa. 430; Webber v. Vogel, 159 Pa. 235.

Actual occupation by the railroad for more than twenty-one years fixes with certainty its right: M'Clinton v. Ry., 66 Pa. 404.

PER CURIAM, May 9, 1896:

We are not convinced that there is any error in either of the learned trial judge's rulings on questions of evidence referred to in the first to tenth specifications, inclusive; nor do we think the plaintiff has any just reason to complain of his refusal to affirm the points for charge recited in the eleventh and twelfth specifications. He was clearly right in refusing to instruct the jury as requested by the plaintiff in these two points.

The subject of complaint is the affirmance of defendant's proposition: "That under the law and the evidence . . . . the verdict of the jury must be for the defendant," and instruction to the jury in accordance therewith. In view of the evidence properly before the court, there was no error in thus withdrawing the case from the jury and directing them to find for the defendant. There is nothing in the case that requires further notice.

Judgment affirmed.